UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

ROBERT GORDON, Receiver of the
Estate of GREGORY N. McKNIGHT,
LEGISI MARKETING, INC., AND
LEGISI HOLDINGS, L.LC.,

        Plaintiffs,

vs.

                                      Case No. 09-CV-10772
                                      Hon. Lawrence P. Zatkoff

ELITE CONSULTING GROUP, LLC, a
Florida limited liability company, IVAN
MONSALVE a/k/a IVAN MONSALVES,
MARSHA FRIEDMAN, KAREN L. REDMAN,
TRICIA WITHERSPOON, JANE DOE, JOHN
DOE, and EDGETECH INTERNATIONAL, INC.,
a Nevada corporation,

        Defendants.

---

| | |
|---|---|
| Charles E. Murphy (P28909) | Nancy L. Kahn (P29907) |
| Edward J. Hood (P42953) | Francis G. Seyferth (P30885) |
| Clark Hill, PLC | Foster, Swift, Collins & Smith, P.C. |
| Attorneys for Plaintiff Robert Gordon | Attorneys for Defendant Karen L. Redman |
| 151 S. Old Woodward Avenue, Suite 200 | 32300 Northwestern Highway, Suite 230 |
| Birmingham, MI 48009 | Farmington Hills, MI 48334 |
| 248-989-5879 / 248-988-2331 | 248-539-9900 / 248-538-3612 (Fax) |

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

---

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KAREN L. REDMAN

      Defendant Karen L. Redman, by and through her attorneys, Francis G. Seyferth and Nancy L. Kahn of Foster, Swift, Collins & Smith, P.C., in answer to the Complaint filed by Plaintiffs states as follows:

### PARTIES AND JURISDICTION

      1.    Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 1, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

2. Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 2, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

3. Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 3, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

4. Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 4, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

5. Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 5, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

6. Defendant Karen L. Redman admits that Elite Consulting Group, L.L.C. ("Elite") was a Florida limited liability company. Elite changed its mailing address and its listed principal place of business on more than one occasion. 409 West Hallendale Beach Blvd., Suite 206, Hallendale, Florida 33009 is one of the Principal Addresses listed by Elite in documents filed with the Florida Department of State, Division of Corporations.

7. Defendant Karen L. Redman admits that Elite's electronic Articles of Organization bear a Florida Department of State, Division of Corporations filing date of September 1, 2006, and that Elite's Voluntary Articles of Dissolution bear a Florida Department of State, Division of Corporations filing date of May 30, 2007.

53702-00001 674598-1

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

8.    In answer to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant Karen L. Redman states as follows:

a.    That she is employed by GEC Group, LLC ("GEC"), an affiliate of National Registered Agents, Inc. ("NRAI"), which provides various services to corporations, including the provision of registered agent services and the filing of corporate formation documents.

b.    That Elite retained GEC to provide it with registered agent services and to file corporate formation documents and other corporate documents with the Florida Department of State, Division of Corporations.

c.    GEC's offices are located at 2731 Executive Park Drive, Suite 4, Weston, Florida 33331.

d.    In accordance with the registered agent services purchased by Elite, NRAI was listed as the registered agent of Elite in its Articles of Organization.

e.    The address of Elite's registered agent is listed in Elite's Articles of Organization at 2731 Executive Park Drive, Suite 4, Weston, Florida 33331.

f.    In accordance with the corporate formation filing services purchased by Elite, Karen L. Redman was listed under the caption of "Manager" in the electronic Articles of Organization filed for Elite. However, Karen Redman's authority was specifically limited in Elite's Operating Agreement (referenced in Paragraph 10 of Plaintiff's Complaint), to the authority to "executive, deliver and file the Certificate of Formation of the Company, and . . . such other certificates as may be necessary for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business."

g.    Elite's Operating Agreement specified that the management of Elite was vested in Member Marsha Friedman.

h.    Defendant Karen L. Redman specifically denies that she had any authority with respect to Elite, other than to provide services purchased by Elite for a registered agent and for the execution and filing of the corporate formation documents and other corporate documents with the Florida Department of State, Division of Corporations.

i.    Defendant Karen L. Redman denies that she had any personal knowledge regarding the specific business activities of Elite or the actions of any of its members or employees.

9.    Defendant Karen L. Redman is without sufficient information to form a belief as to whether Ivan Monsalve was a manager and member of Elite, or the extent to which he had

*Foster, Swift, Collins & Smith, P.C./Attorneys At Law*

*3*

53702-00001 674598-1

involvement in the purchase of GEC services for Elite and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs. In further response to the allegations contained in Paragraph 9, Defendant Karen L. Redman states Ivan Monsalve or Ivan Monsalves did purchase services from GEC on some occasions. Karen L. Redman denies that GEC was retained to incorporate and dissolve Premier Asset Management Group, LLC in the State of Florida for the reason that it is not true. In further answer to the allegations contained in Paragraph 9, Karen L. Redman states that Premier Asset Management Group, LLC was a foreign corporation which purchased services for the filing of documents in Florida to authorize it to transact business there and for withdrawal of authority to transact business in Florida.

10.     Defendant Karen L. Redman admits that the Elite Operating Agreement states that Marsha Friedman was the sole member of Elite. Karen L. Redman is without sufficient information to form a belief as to the balance of the allegations contained in Paragraph 10, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

11.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 11, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

12.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 12, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

13.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 13, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

*4*

14.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 14, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

15.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 15, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

16.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 16, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

17.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 17, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

## GENERAL ALLEGATIONS

18.     Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 17 of this Answer as though fully set forth herein.

19.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 19, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

20.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 20, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

21.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 21, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

22.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 22, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

23.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 23, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

24.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 24, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

25.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 25, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

26.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 26, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

27.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 27, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

28.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 28, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

29.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 29, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

30.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 30, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

31.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 31, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

32.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 32, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

33.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 33, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

34.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 34, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

## FIRST CLAIM

### Against All Defendants For Violations Of § 10(b) Of The Exchange Act
### And Rule 10b-5 Promulgated Thereunder

35.    Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 34 of this Answer as though fully set forth herein.

36.    The allegations contained in Paragraph 36 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 36 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

37.    The allegations contained in Paragraph 37 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 37 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

38.    The allegations contained in Paragraph 38 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 38 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

39.    The allegations contained in Paragraph 39 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 39 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of

53702-00001 674598-1

those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

40. The allegations contained in Paragraph 40 are denied as to Defendant Karen L. Redman. As to the balance of the allegations contained in Paragraph 40 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

41. The allegations contained in Paragraph 41 are denied as to Defendant Karen L. Redman. As to the balance of the allegations contained in Paragraph 41 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

42. The allegations contained in Paragraph 42 are denied as to Defendant Karen L. Redman. As to the balance of the allegations contained in Paragraph 42 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

43. The allegations contained in Paragraph 43 are denied as to Defendant Karen L. Redman. As to the balance of the allegations contained in Paragraph 43 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

## SECOND CLAIM

### Against The Individual Defendants For Violations Of § 20(b) Of The Exchange Act.

44.     Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 43 as though fully set forth herein.

45.     The allegations contained in Paragraph 45 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 45 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

46.     The allegations contained in Paragraph 46 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 46 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

## THIRD CLAIM

### Violations of Nevada Uniform Securities Act

47.     Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 46 as though fully set forth herein.

48.     The allegations contained in Paragraph 48 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 48 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

49.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 49, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

50.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 50, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

51.     The allegations contained in Paragraph 51 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 51 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

52.     The allegations contained in Paragraph 52 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 52 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53.     The allegations contained in Paragraph 53 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 53 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

54.     The allegations contained in Paragraph 54 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 54 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

55.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 55, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

56.     The allegations contained in Paragraph 56 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 56 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

57.     The allegations contained in Paragraph 57 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 57  (i.e. against other Defendants),  Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

58.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 58, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

*12*

## FOURTH CLAIM

### Against All Defendants For Violations of Michigan Uniform Securities Act

59.     Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 58 as though fully set forth herein.

60.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 60, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

61.     The allegations contained in Paragraph 61 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 61 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

62.     The allegations contained in Paragraph 62 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 62 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

63.     Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 63, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

64.     The allegations contained in Paragraph 64 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 64 (i.e. against other

53702-00001 674598-1

Foster, Switt, Collins & Smith, P.C./Attorneys At Law

Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

65.    The allegations contained in Paragraph 65 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 65 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

## FIFTH CLAIM

### Fraud

66.    Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 65 as though fully set forth herein.

67.    The allegations contained in Paragraph 67 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 67   (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

68.    The allegations contained in Paragraph 68 are denied as to Defendant Karen L. Redman.    As to the balance of the allegations contained in Paragraph 68 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

*14*

69.     The allegations contained in Paragraph 69 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 69 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

70.     The allegations contained in Paragraph 70 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 70 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

## SIXTH CLAIM

### Innocent Misrepresentation

71.     Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 70 as though fully set forth herein.

72.     The allegations contained in Paragraph 72 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 72 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

73.     The allegations contained in Paragraph 73 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 73 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

53702-00001 674598-1

those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

74.    The allegations contained in Paragraph 74 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 74 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

### SEVENTH CLAIM

### Violation Of Florida Securities Transaction Act

75.    Defendant Karen L. Redman reasserts the responses contained in Paragraphs 1 - 74 as though fully set forth herein.

76.    The allegations contained in Paragraph 76 are denied as to Defendant Karen L. Redman.   As to the balance of the allegations contained in Paragraph 76 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

77.    Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 77, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

78.    Defendant Karen L. Redman does not have sufficient information to determine the truth of the allegations contained in Paragraph 78, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

79.     The allegations contained in Paragraph 79 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 79 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

80.     The allegations contained in Paragraph 80 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 80 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

81.     The allegations contained in Paragraph 81 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 81 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

82.     The allegations contained in Paragraph 82 are denied as to Defendant Karen L. Redman.  As to the balance of the allegations contained in Paragraph 82 (i.e. against other Defendants), Karen L. Redman is without sufficient information to form a belief as to the truth of those allegations with respect to the other Defendants, and therefore neither admits nor denies same, but leaves Plaintiffs to their proofs.

53702-00001 674598-1

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

## RELIEF REQUESTED

WHEREFORE, Defendant Karen L. Redman requests the entry of an Order  dismissing all claims against her with prejudice and  granting costs and attorneys fees in favor of Defendant Karen L. Redman.

<div style="margin-left:40%">

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, P.C.**

By:____/s/ Nancy L. Kahn_____
     Nancy L. Kahn (P29907)
     Francis G. Seyferth (P30885)
     Attorneys for Defendant Karen L. Redman
     32300 Northwestern Highway, Suite 230
     Farmington Hills, MI 48334
     248-539-9900 / 248-538-3612

</div>

Dated:  May 22, 2009

## AFFIRMATIVE DEFENSES

Karen L. Redman, by and through her attorneys, Francis G. Seyferth and Nancy L. Kahn of Foster, Swift, Collins & Smith, P.C., for her affirmative defenses in this matter states as follows:

1.      Plaintiffs have failed to state a claim against Defendant Karen L. Redman upon which relief may be granted.

2.      Defendant Karen L. Redman had no direct contact with Plaintiffs, made no representations to Plaintiffs and had no legal duty to make any disclosures to Plaintiffs.

3.      Plaintiffs claims are required to be dismissed with prejudice because they have failed to meet the requirements of the Private Securities Litigation Reform Act of 1985 ("PSLRA") 15 U.S.C. § 78 U-4(b)(1).

*Foster, Swift, Collins & Smith, P.C./Attorneys At Law*

*18*

53702-00001 674598-1

4.      There is no causal connection between the allegations against Defendant Karen L. Redman and the damages alleged by Plaintiffs.

5.      Defendant Karen L. Redman acted in good faith at all times and did not induce the act or acts constituting the violation or cause of action within the meaning of 15 U.S.C. § 78t(a).

6.      Defendant Karen L. Redman did not have direct or indirect control over the Defendants alleged to be liable for securities law violations.

7.      Plaintiffs' claims are barred by their failure to mitigate damages.

8.      There were sufficient intervening and superseding acts by persons, parties or entities other than Defendant Karen L. Redman so as to sever any causal relationship between Plaintiffs' alleged damages and the claimed actions of Defendant Karen L. Redman.

9.      Defendant Karen L. Redman is not responsible or legally liable for the actions of the other Defendants.

10.     Defendant Karen L. Redman reserves the right to add other Affirmative Defenses as they become known through discovery.

11.     There is no nexus between any actions of Karen Redman and the states of Nevada or Michigan, and therefore Karen Redman has no liability for any alleged violation of Nevada or Michigan state statutes.

53702-00001 674598-1

WHEREFORE, Defendant Karen L. Redman requests the entry of an Order dismissing all claims against her with prejudice and  granting costs and attorneys fees in favor of Defendant Karen L. Redman.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, P.C.**

By:____/s/ Nancy L. Kahn_____
      Nancy L. Kahn (P29907)
      Francis G. Seyferth (P30885)
      Attorneys for Defendant Karen L. Redman
      32300 Northwestern Highway, Suite 230
      Farmington Hills, MI 48334
      248-539-9900 / 248-538-3612

Dated:  May 22, 2009

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

53702-00001 674598-1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

ROBERT GORDON, Receiver of the
Estate of GREGORY N. McKNIGHT,
LEGISI MARKETING, INC., AND
LEGISI HOLDINGS, L.LC.,

        Plaintiffs,

vs.

                                           Case No. 09-CV-10772
                                           Hon. Lawrence P. Zatkoff

ELITE CONSULTING GROUP, LLC, a
Florida limited liability company, IVAN
MONSALVE a/k/a IVAN MONSALVES,
MARSHA FRIEDMAN, KAREN L. REDMAN,
TRICIA WITHERSPOON, JANE DOE, JOHN
DOE, and EDGETECH INTERNATIONAL, INC.,
a Nevada corporation,

        Defendants.

---

| | |
|---|---|
| Charles E. Murphy (P28909) | Nancy L. Kahn (P29907) |
| Edward J. Hood (P42953) | Francis G. Seyferth (P30885) |
| Clark Hill, PLC | Foster, Swift, Collins & Smith, P.C. |
| Attorneys for Plaintiff  Robert Gordon | Attorneys for Defendant Karen L. Redman |
| 151 S. Old Woodward Avenue, Suite 200 | 32300 Northwestern Highway, Suite 230 |
| Birmingham, MI 48009 | Farmington Hills, MI 48334 |
| 248-989-5879 / 248-988-2331 | 248-539-9900 / 248-538-3612 (Fax) |

*Foster, Swift, Collins & Smith, P.C./Attorneys At Law*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 22, 2009, I electronically filed Answer and Affirmative Defenses of Karen L. Redman, and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Charles E. Murphy
        Edward J. Hood
        Clark Hill
        255 S. Old Woodward, Fl. 3
        Birmingham, MI 4809
        cmurphy@clarkhill.com

                                    s/ Nancy L. Kahn
                                    Nancy L. Kahn (P29907)
                                    Foster, Swift, Collins & Smith, P.C.
                                    Counsel for Defendant Karen L. Redman
                                    32300 Northwestern Highway, Suite 230
                                    Farmington Hills, MI 48334
                                    248-539-9900
                                    nkahn@fosterswift.com

*21*

53702-00001 674598-1